# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TOMACK MCNEIL, | ) | CASE NO. 1:19-cv-2699 |
| | ) | |
| PLAINTIFF, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| RICHLAND CORRECTIONAL MEDICAL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Tomack McNeil ("McNeil"), a state prisoner, brings this action pursuant to 42 U.S.C. § 1983 against defendant Richland Correctional Medical regarding his medical treatment while incarcerated at the Richland Correctional Institution ("RCI"). (Doc. No. 1.) McNeil seeks monetary relief.

For the reasons that follow, this action is dismissed.

**A. Background**

McNeil is a state prisoner confined at RCI. He alleges that on August 12, 2019, he contacted the Richland Correctional Medical Department regarding "very bad" pain in his legs and asked to be taken to a hospital. McNeil alleges that "they" would not take him to a hospital, and he suffered for a month before he was taken to the emergency room at Mansfield Hospital then transferred to a hospital in Columbus. According to the complaint, McNeil was informed at the hospital that he had blood clots in his legs and was lucky the clots did not go to his heart and kill him. (*Id.* at 1-2.[1]) Based upon these facts, McNeil sues defendant for medical malpractice

---
[1] Page number references are to page identification number generated by the Court's electronic docketing system.

and pain and suffering. (*Id.* at 1; Doc. No. 1-1 at 1.) For relief, he seeks Four Million Dollars. (Doc. No. 1 at 2.)

### B. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court must review and dismiss an *in forma pauperis* complaint that fails to state a claim upon which relief may be granted. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Twombly /Iqbal* standard applies to review of prisoner complaints under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim). To pass this threshold review, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

When conducting this analysis, the Court must accept all the factual allegations in the complaint as true but is not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on McNeil's behalf and he must allege "more than bare assertions of legal conclusions ... to satisfy federal notice pleading

requirements." *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (internal quotation marks and citation omitted).

C. Analysis

McNeil brings this action pursuant to 42 U.S.C. § 1983. In order to state a § 1983 claim, he must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the United States Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### Medical malpractice

McNeil's claims for medical malpractice, pain, and suffering are state law, not federal, claims. State law claims are not cognizable under § 1983. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (medical malpractice claims are not cognizable under § 1983) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *see also Saal v. City of Wooster*, No. 5:18-CV-2744, 2020 WL 836498, at *4 (N.D. Ohio Feb. 20, 2020) (citing among authority *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983.")).

Because McNeil does not assert a federal claim, he fails to state a plausible § 1983 claim and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Eighth Amendment

To the extent that McNeil is attempting to assert an Eighth Amendment claim, he fails to state a plausible claim upon which relief may be granted. The Eighth Amendment of the United States Constitution forbids prison officials from acting with "deliberate indifference" toward an inmate's serious medical needs. *See Estelle*, 429 U.S. at 104. To state a deliberate indifference claim, a prisoner must demonstrate both objective and subjective components. Thus, plaintiff

must demonstrate both that his medical condition posed a "substantial risk of serious harm" to him, and that the defendant acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Deliberate indifference cannot be predicated upon negligence, inadvertence, or good faith error. *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "[T]o prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (citing among authority *Farmer*, 511 U.S. at 837).

Assuming for the purpose of this analysis that that blood clots constitute a serious medical condition, McNeil fails to establish the subjective component of an Eighth Amendment deliberate indifference claim. First, he does not identify any specific individual that was deliberately indifferent to his care and a claim against the entire medical department is insufficient to establish the subjective element. Second, McNeil does not allege any facts from which this Court may infer that an individual or individuals in the Richland County Medical Department actually knew that McNeil had blood clots, drew the inference that the blood clots posed a substantial risk of harm to him, and consciously disregarded that risk. Third, McNeil does not claim that he was refused medical treatment regarding his complaints of leg pain but simply disagrees with the decision not to take him to a hospital when he first reported leg pain. A prisoner's disagreement over the proper course of treatment constitutes, at most, medical malpractice which is not cognizable under § 1983. *Darrah*, 865 F.3d at 372 (citing among authority *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) ("But a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment

claim.")).

Accordingly, to the extent that McNeil is asserting an Eighth Amendment claim, he fails to state a plausible § 1983 claim and, for this additional reason, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**D. Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). McNeil's motion for appointment of counsel (Doc. No. 3) is moot and denied as such.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


                                       *s/Pamela A. Barker*
                                       PAMELA A. BARKER
Date: March 5, 2020                  U. S. DISTRICT JUDGE